U.S. Bankruptcy Court
District of Idaho
Filed: November 17, 2004
at 10:00 a.m.
By: JC

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | |
| DONALD M. WYATT and ) | Case No. 04-21374 |
| BETTY LOU WYATT, ) | |
| ) | |
| Debtors. ) | MEMORANDUM OF DECISION |
| ) | |
| ) | |

### BACKGROUND AND FACTS

Donald and Betty Lou Wyatt filed a voluntary petition for chapter 13 relief on September 13, 2004. Doc. No. 1. Their petition was a "skeleton filing" not accompanied by any schedules, statement of financial affairs, or other required documents. Nor were those documents filed within the fifteen day period established by Fed. R. Bankr. P. 1007(c). No request for extension of this deadline was ever filed. And Debtors failed to appear for their scheduled October 8, 2004, § 341(a) meeting of creditors and § 343 examination. *See* Doc. No. 4 (minutes).

As a result of the failure to appear at the meeting of creditors, the U.S. Trustee filed an ex parte application for dismissal of the case. Doc. No. 7. A creditor, Securities Financial Services ("SFS") also filed a motion to dismiss the case.

MEMORANDUM OF DECISION - 1

AO 72A
(Rev. 8/82)

*See* Doc. No. 6. SFS noted that the bankruptcy petition was filed the day before SFS' scheduled foreclosure sale on Debtors' real property, and alleged that this, along with Debtors' failure to file schedules, appear at the first meeting or otherwise prosecute the case, supported dismissal of the case "with prejudice" in the nature of a six month bar on filing another petition for relief. *Id.* (citing § 349(a)).

SFS' motion was set for hearing, but the Court required it to be rescheduled because of concerns over the adequacy of notice to Debtors and Debtors' counsel. The matter was rescheduled for hearing on November 9.[1]

Late in the day on November 8, Debtors filed a motion to voluntarily dismiss their chapter 13 case under § 1307(b). Doc. No. 11. At the hearing on November 9, the Court acknowledged that dismissal of the case on the Debtors' motion was required, as that motion was filed prior to adjudication of either the U.S. Trustee's or SFS' motions. *See In re Whitmore*, 225 B.R. 199, 202 (D. Idaho 1998); *see also Beatty v. Traub (In re Beatty)*, 162 B.R. 853, 857 (9th Cir. BAP 1994). However, the Court also observed that, in dismissing the case on Debtors' motion, the Court could still consider SFS' request that dismissal be "with prejudice" pursuant to § 349(a). That issue was set over for further hearing on November 15.

---

[1] The Court, at the initial hearing, granted SFS' request that it forbear from entering an order on the U.S. Trustee's motion until the hearing on SFS' motion was held and the question of the prejudicial effect of dismissal could be argued.

MEMORANDUM OF DECISION - 2

At that continued hearing, Debtor Donald Wyatt testified. He explained the financial situation of Debtors, and their conduct just prior to and immediately after the petition's filing.

Mr. Wyatt stated that he and his wife were both employed by the City of Worley, Idaho, and had enough income to cover their living expenses and recurring monthly debts. They, however, did not have enough excess income to service their obligation to SFS.

They had previously been able to service this debt through income from a contract Mr. Wyatt had related to the manufacture of hunting and fishing supplies, something he indicated brought in as much as $4,000.00 gross, and $3,500.00 net, per month. However, that contract was terminated in some fashion, and Debtors lost the extra income. They therefore went into default with SFS early in 2004.

In response to this contract termination, Debtors hired counsel and filed litigation seeking damages. Their attorney was employed on a contingency fee basis. Just before the bankruptcy filing, that attorney sought leave to withdraw because of the unexpectedly high costs to be incurred in the lawsuit. Debtors hope to find another lawyer, and believe this litigation will be a source of payment for SFS and other creditors. It appears, though, that some of the targeted defendants have filed their own bankruptcy cases.

Debtors also have taken steps to operate a bed and breakfast facility on the real estate, which serves as their residence as well as security for SFS. They feel this

MEMORANDUM OF DECISION - 3

is a promising source of income to service debt, though actual objective financial information is limited. And Debtors have tried to market the real property, believing it has value significantly in excess of secured debt. If they cannot generate enough income to service all debt, they indicate they would sell the property in order to pay all creditors in full.

Debtors explain that their filing was skeletal and the rest of the documents were not timely filed because they were, during this time frame, trying to obtain employment tax information from the parties involved with the "contract" that had previously generated a sizeable portion of Mr. Wyatt's income. Apparently that information was believed to be material to several of the disclosures Debtors needed to make in the bankruptcy.

Debtors further explained that it was only on the day of the § 341(a) meeting that they and their attorney concluded that filing incomplete documents or requesting an extension were not viable options. On their lawyer's advice, they did not appear at the creditors' meeting. They were aware dismissal would follow.

The voluntary dismissal motion filed on the eve of the scheduled hearing on SFS' motion was deliberate. Debtors had no opposition to dismissal of the case. They had already decided to refile, when they had their taxes and financial information completed, rather than seeking extensions. It appears they wished to avoid the need to appear at the hearing on SFS' motion, and filed their own dismissal request in an attempt to moot that motion and hearing.

MEMORANDUM OF DECISION - 4

AO 72A
(Rev. 8/82)

Case 04-21374-TLM   Doc 13   Filed 11/17/04   Entered 11/18/04 15:36:00   Desc
Converted from BANCAP   Page 5 of 12

DISCUSSION AND DISPOSITION

The Court ruled orally at the conclusion of the November 15 hearing that SFS failed to meet its burden of establishing that dismissal should be entered "with prejudice" under § 349(a) of the Code. The Court stated that it would enter written findings of fact and conclusions of law. This Decision thus completes the disposition of the contested matter, and constitutes the Court's factual findings and legal conclusions. Fed. R. Bankr. P. 9014, 7052.

    A.    **Why was there a hearing after Debtors moved to voluntarily dismiss under § 1307(b)?**

*Whitmore* recognized a debtor's "absolute right" to voluntarily dismiss a chapter 13 proceeding under § 1307(b). 225 B.R. at 201-202. This "trump" eliminates a possible conversion of the case upon a pending but not yet adjudicated motion of a trustee or creditor under § 1307(c), and "so long as the debtor has not yet faced a stay lift motion in the case, [this strategy] avoids the bar of § 109(g)(2)." *Id.* at 201.[2]

*Whitmore* recognizes that giving effect to a debtor's § 1307(b) motion can be "frustrating" to trustees and creditors but that it is nevertheless required. *Id.* at 202 (citing *Beatty*, 162 B.R. at 857). Still, while the right to dismiss is "absolute," that does not mean that the right is unconditional. *Whitmore* held that "[e]ven if

---

[2] SFS suggested a 180 day bar on refiling as an appropriate form of "prejudice" under § 349(a). Its request and the present litigation could have been rendered moot had SFS simply filed a request for stay relief at the same time it filed its motion to dismiss. Had Debtors thereafter elected to voluntarily dismiss the case, the bar of § 109(g)(2) would have automatically arisen.

MEMORANDUM OF DECISION - 5

AO 72A
(Rev. 8/82)

there is no 'defense' to a § 1307(b) motion, the trustee still has the right to ask the court to condition the granting of that relief upon payment of administrative expenses or otherwise." *Id.* at 200 n.5 (citing *In re Leatham*, 92 I.B.C.R. 179, 180 (D. Idaho 1992)); *see also id.* at 202 n.10.

Here, the "condition" SFS wanted imposed was that of "prejudice" under § 349(a). That section provides:

> (a) Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

§ 349(a).

Ordinarily the dismissal of a case is without prejudice to the filing of a subsequent petition (except as provided in § 109(g) which is not implicated here). In essence, SFS contends that the Court should "for cause, order otherwise" under § 349(a). SFS is, of course, required to establish such cause.

Section 349(a) and § 1307(b) must be read *in pari materia*. The Court has the ability, for cause shown, to order a dismissal to be with prejudice. Nothing in the Code indicates that this ability is lost when a debtor elects to use the "absolute" right to voluntarily dismiss a chapter 13 case. Neither § 1307(b) nor § 349(a) contain language indicating any such limitation or exception.

Courts have recognized their ability to condition dismissal even when the dismissal is under § 1307(b). *See In re Graffy*, 216 B.R. 888, 891-92 (Bankr. M.D.

MEMORANDUM OF DECISION - 6

Fla. 1998). And other courts have imposed prejudicial conditions on voluntary dismissals under § 1307(b) without expressly addressing § 349(a). *See, e.g., In re Neiman*, 257 B.R. 105 (Bankr. S.D. Fla. 2001).

Debtors believed their November 8 motion mooted *any* consideration of SFS' motion (and, implicitly, the motion of the U.S. Trustee). While Debtors were correct that their dismissal motion "trumped" the competing dismissal requests of this creditor and the U.S. Trustee, Debtors were wrong in thinking that all issues were mooted. SFS had expressly asked the Court that any dismissal be with some prejudice to refiling. *See* Doc. No. 6. This issue remained justiciable.[3]

### B. Should the dismissal of this case under § 1307(b) be entered with prejudice?

The question next turns to whether SFS established sufficient cause for the Court to order a bar upon refiling. The Court determined that SFS did not. The following facts are urged by SFS in support of its request.

1. Debtors filed their petition without any schedules or related statements. Debtors failed either to timely file those documents within fifteen days or request an extension of time for filing. Debtors failed to appear for their meeting of creditors under § 341(a).

---

[3] Ordinarily, § 1307(b) motions are or can be granted without hearing. *See Whitmore*, 225 B.R. at 201 (citing Fed. R. Bankr. P. 1017(d)). The instant situation reflects an exception to the rule. Further, since the factual basis for the requested limitation on refiling was unproven, and was contested by Debtors, an actual hearing was required so the parties would have an opportunity to present evidence. *See* Fed. R. Bankr. P. 9014(d). As they were not ready to proceed on November 9, the hearing was continued to November 15.

MEMORANDUM OF DECISION - 7

Debtors explanations as to these first three facts are set forth above. Those explanations were not effectively contradicted nor was Mr. Wyatt's testimonial credibility impeached.

2. Debtors previously filed bankruptcy cases in 1994 and in 1999.

Debtors admitted filing three cases, each about 5 years after the immediately preceding one. There was no evidence presented regarding the first two cases. Beyond whatever *res ipsa loquitur* conclusions might be drawn from the mere fact of such filings, there was no evidence of any propensity of Debtors to file serial cases or that they did or will abuse the bankruptcy process through repeated filings.

3. Debtors filed their petition on the eve of SFS' foreclosure sale.

This was not the first, nor will it be the last, bankruptcy filed on the eve of a foreclosure. The mere existence of this fact, standing alone, is not determinative nor does it establish "cause" under § 349(a). SFS did not show that Debtors meant to frustrate foreclosure while at the same time lacking a *bona fide* desire to reorganize. No evidence was presented to prove that the chapter 13 filing was made in bad faith.

Debtors claim there is equity in the collateral securing SFS. They viewed the bankruptcy filing as a "last resort" given the pending foreclosure, and they desired to protect that equity. If the property cannot support the bed and breakfast or if Debtors cannot otherwise develop a plan to refinance their debt, they indicate they

MEMORANDUM OF DECISION - 8

will sell the property and use the proceeds to pay all creditors in full. They had, pre-filing, taken steps to market the property.

It is true that the feasibility of Debtors' preliminary plan for reorganization is dependent on litigation, or on the development of an untested bed and breakfast operation, or perhaps alternatively on the sale of the real estate. Feasibility, however, is an issue tested on the evidence and record when plan confirmation comes before the Court. Debtors were not required to prove potential feasibility in defense of the instant motion.[4] Debtors' use of bankruptcy as a means of preserving their options was not shown to be improper.

There was no evidence of improper conduct directed at the moving creditor or similar indication that the choice to file rather than suffer a non-bankruptcy foreclosure was improperly motivated. While creditors often object to repeated filings designed to thwart foreclosure or other collection activities, Debtors' previous bankruptcy petitions were not filed to hinder SFS. In fact, the earlier bankruptcy cases were filed before SFS' claim ever arose.

   4.   Debtors could have, but did not, timely file their schedules
        and statements or request an extension to do so.

Debtors' explanation for their conduct has already been discussed above. In addition, Mr. Wyatt testified that the inability to complete the documentation in a

---

[4] Had SFS made a stronger evidentiary showing, perhaps Debtors would have been challenged to provide more and better detail regarding their reorganization plans. That threshold, however, was not met.

MEMORANDUM OF DECISION - 9

%AO 72A
(Rev. 8/82)

timely fashion was based to some degree on missing W-2 or similar tax information. Debtors were undertaking efforts to obtain this information.

Importantly, Debtors appreciate that all unfiled tax returns have to be completed as part of any chapter 13 case. *See* LBR 1007.3. The information from the employer regarding Mr. Wyatt's contract work was material. Furthermore, Debtors' son, who was assisting Debtors with getting the documents and doing the accounting, was recently deployed to serve in Iraq. After their son's deployment, Debtors immediately sought to retain an accountant to assist them.

> 5. Debtors' § 1307(b) motion was filed at the eleventh hour, and was intended to prevent hearing and adjudication of SFS' motion.

The motion to voluntarily dismiss under § 1307(b) could clearly have been filed earlier. Debtors' rejoinder is that they relied on advice of their counsel in this regard, as in other matters.

Debtors knew early on that they needed more time to get the accounting and tax information in order and to refine their plan proposals. They viewed the choice as one between letting the case be dismissed, and filing another case in a few weeks or months once they had that information and were prepared to go forward with confirmation of a plan, or seeking an extension. They opted for dismissal over extension. Only upon realizing that SFS sought to bar refiling did they perceive a need to file their own motion. The sincerity of their explanation, or their reliance on counsel, was not effectively rebutted.

MEMORANDUM OF DECISION - 10

AO 72A
(Rev. 8/82)

CONCLUSION

In weighing all these factors, and in considering Mr. Wyatt's testimony and his credibility, the Court concludes that SFS has not established sufficient § 349(a) cause. While Debtors' conduct could have been more exemplary, the totality of the circumstances do not indicate bad faith conduct of a sort that would require the Court to impose a prejudicial bar on later filings.

Based on the foregoing, Debtors' motion to dismiss under § 1307(b) will be granted, without any conditions imposed under § 349(a). An appropriate order will be entered.

DATED this 17th day of November, 2004.

TERRY L. MYERS
CHIEF U.S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 11

AO 72A
(Rev. 8/82)

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I served by the method indicated below, a true copy of the document to which this certificate is attached, to the following named person(s) at the following address(es), on the date shown below:

DATED: November 17, 2004

Case No.  04-21374 (Donald Wyatt)

Office of the U.S. Trustee
MK Central Plaza
720 Park Blvd., Suite 220
Boise, ID 83712
jeff.g.howe@usdoj.gov
gary.mcclendon@usdoj.gov
  ☐ U.S. Mail  ☐ Facsimile  ✓ Email

Michael B. McFarland
Attorney at Law
421 Coeur d'Alene Avenue, Suite 1L
Coeur d'Alene, ID 83814
mbm@icehouse.net
  ☐ U.S. Mail  ☐ Facsimile  ✓ Email

Louis Garbrecht
Attorney at Law
1400 E. Sherman Avenue
Coeur d'Alene, ID 83814
lgarbrecht@turbonet.com
  ☐ U.S. Mail  ☐ Facsimile  ✓ Email

C. Barry Zimmerman
P.O. Box 1240
Coeur d'Alene, ID 83816
cbarryz@mv180.net
  ☐ U.S. Mail  ☐ Facsimile  ✓ Email

*/s/ Jo Ann B. Canderan*
Jo Ann B. Canderan
Judicial Assistant to Judge Myers

Note to Email service: A PDF version of the above decision/order was electronically transmitted to the parties indicated above. Email service is provided as a courtesy only upon request of a party. To review an electronic image of the original of this document, or to subscribe for email service of future decisions/orders from the Bankruptcy Judge, please access the Court's Internet web site, www.id.uscourts.gov.

MEMORANDUM OF DECISION - 12

AO 72A
(Rev. 8/82)